UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

LUMBERMENS MUTUAL CASUALTY
COMPANY,

                Plaintiff,

     -against-

FRANEY MUHA ALLIANT INSURANCE
SERVICES f/k/a FRANEY, PARR & MUHA, INC.

FRANEY, PARR & MUHA, INC.,

     -and-

FRANEY, PARR & ASSOCIATES, INC.,

                Defendants.
_____

04 CV 4376

*Answer to Plaintiff's Complaint*

Defendants, FRANEY MUHA ALLIANT INSURANCE SERVICES f/k/a FRANEY, PARR & MUHA, INC., FRANEY, PARR & MUHA, INC., and FRANEY, PARR & ASSOCIATES, INC., by their attorneys WADE CLARK MULCAHY, as and for its answer to plaintiff's complaint and jury trial demand respectfully allege the following:

### THE PARTIES

1.     Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

2.     Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

3.     Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

4.     Admit.

5.      Admit.

6.      Admit.

7.      Denies upon information and belief.

8.      Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

9.      Admit.

10.     Admit, but denies knowledge and information sufficient to form a belief as to truth of the allegation that Defendant is "nationally recognized."

## JURISDICTION AND VENUE

11.     Denies knowledge and information sufficient to form a belief as to the truth of this allegation and leaves all matters of law to the Honorable Court.

12.     Denies knowledge and information sufficient to form a belief as to the truth of this allegation and leaves all matters of law to the Honorable Court.

## FACTUAL BACKGROUND

### A.      Defendants' Agency Relationship with Plaintiff

13.     Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

14.     Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

15.     Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

16.     The averment in paragraph sixteen can neither be admitted or denied because the document referred to therein speaks for itself.

17.    The averment in paragraph seventeen can neither be admitted nor denied because the document referred to therein speaks for itself.

18.    The averment in paragraph eighteen can neither be admitted or denied because the document referred to therein speaks for itself.

19.    The averment in paragraph nineteen can neither be admitted or denied because the document referred to therein speaks for itself.

20.    The averment in paragraph twenty can neither be admitted or denied because the document referred to therein speaks for itself.

21.    The averment in paragraph twenty-one can neither be admitted nor denied because the document referred to therein speaks for itself.

22.    Denies knowledge and information sufficient to form a belief as to the truth of this allegation and leaves all matters of law to the Honorable Court.

23.    Denies knowledge and information sufficient to form a belief as to the truth of this allegation and leaves all matters of law to the Honorable Court.

**B.    Defendants' Agency Relationship with Hanover**

24.    Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

25.    The averment in paragraph twenty-five can neither be admitted nor denied because the document referred to therein speaks for itself.

26.    Denies upon information and belief.

27.    Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

28.      Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

29.      Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

30.      Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

31.      Denies upon information and belief.

### C.      The Quota Share Reinsurance Treaty

32.      Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

33.      Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

34.      The averment in paragraph thirty-four can neither be admitted nor denied because the document referred to therein speaks for itself.

35.      The averment in paragraph thirty-five can neither be admitted nor denied because the document referred to therein speaks for itself.

### D. The Allegheny Bond

36.      Admit.

37.      The averment in paragraph thirty-seven can neither be admitted nor denied because the document referred to therein speaks for itself.

38.      The averment in paragraph thirty-eight can neither be admitted nor denied because the document referred to therein speaks for itself.

39.    The averment in paragraph thirty-nine can neither be admitted nor denied because the document referred to therein speaks for itself.

40.    Denies upon information and belief.

41.    The averment in paragraph forty-one can neither be admitted nor denied because the document referred to therein speaks for itself.

42.    The averment in paragraph forty-two can neither be admitted nor denied because the document referred to therein speaks for itself.

43.    Denies upon information and belief.

44.    Denies upon information and belief.

45.    Denies upon information and belief.

46.    Denies upon information and belief.

47.    Denies upon information and belief.

48.    Denies upon information and belief.

49.    Denies upon information and belief.

**E.    Lumbermens' Loss**

50.    Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

51.    Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

52.    Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

53.    Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

54.     Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

55.     Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

56.     Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

57.     Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

58.     Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

59.     Denies upon information and belief.

60.     Denies upon information and belief.

61.     Denies upon information and belief.

## FIRST CAUSE OF ACTION

### (Negligence)

62.     Defendants, FRANEY MUHA ALLIANT INSURANCE SERVICES f/k/a FRANEY, PARR & MUHA, INC., and FRANEY, PARR & ASSOCIATES, INC., repeats and reiterates each and every denial heretofore made in this answer to the paragraphs of the complaint designated "1" through "61" inclusive, with the same force and effect as if set fourth here more particularly at length, all in response to the paragraph of the complaint designated "62".

63.     Denies upon information and belief.

64.    Denies upon information all allegations contained in the paragraph of the complaint designated "64," including sections (a) through (d).

65.    Denies upon information and belief.

## SECOND CAUSE OF ACTION

### (Breach of Contract)

66.    Defendants, FRANEY MUHA ALLIANT INSURANCE SERVICES f/k/a FRANEY, PARR & MUHA, INC., and FRANEY, PARR & ASSOCIATES, INC., repeats and reiterates each and every denial heretofore made in this answer to the paragraphs of the complaint designated "1" through "65" inclusive, with the same force and effect as if set fourth here more particularly at length, all in response to the paragraph of the complaint designated "66".

67.    Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

68.    Denies upon information and belief.

69.    Denies upon information and belief.

## THIRD CAUSE OF ACTION

### (Breach of Fiduciary Duty)

70.    Defendants, FRANEY MUHA ALLIANT INSURANCE SERVICES f/k/a FRANEY, PARR & MUHA, INC., and FRANEY, PARR & ASSOCIATES, INC., repeats and reiterates each and every denial heretofore made in this answer to the paragraphs of the complaint designated "1" through "69" inclusive, with the same force and effect as if set fourth here more particularly at length, all in response to the paragraph of the complaint designated "70".

71.     Denies upon information and belief.

72.     Denies upon information and belief.

73.     Denies upon information and belief all allegations contained in the paragraph of the complaint designated "73," including sections (a) through (d).

74.     Denies upon information and belief.

**FOURTH CAUSE OF ACTION**

**(Breach of Duty of Good Faith and Fair Dealing)**

75.     Defendants, FRANEY MUHA ALLIANT INSURANCE SERVICES f/k/a FRANEY, PARR & MUHA, INC., and FRANEY, PARR & ASSOCIATES, INC., repeats and reiterates each and every denial heretofore made in this answer to the paragraphs of the complaint designated "1" through "74" inclusive, with the same force and effect as if set fourth here more particularly at length, all in response to the paragraph of the complaint designated "75".

76.     Denies upon information and belief.

77.     Denies upon information and belief.

78.     Denies upon information and belief.

79.     Denies upon information and belief.

80.     Denies upon information and belief.

81.     Denies upon information and belief.

**FIFTH CAUSE OF ACTION**

**(Indemnification)**

82.     Defendants, FRANEY MUHA ALLIANT INSURANCE SERVICES f/k/a
FRANEY, PARR & MUHA, INC., and FRANEY, PARR & ASSOCIATES, INC., repeats
and reiterates each and every denial heretofore made in this answer to the paragraphs of the
complaint designated "1" through "81" inclusive, with the same force and effect as if set
fourth here more particularly at length, all in response to the paragraph of the complaint
designated "82".

83.     Denies upon information and belief.

84.     Denies upon information and belief.

85.     Denies upon information and belief.

86.     Denies upon information and belief.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

87.     The complaint fails to state a claim upon which relief may be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

88.     The defendants not being fully advised as to all the facts and circumstances
surrounding the incident complained of, hereby assert and reserve unto themselves the
defenses of accord and satisfaction, arbitration and award, assumption of risk, contributory
negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud,
illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of
frauds, statute of limitations, waiver, and any other matter constituting an avoidance or
affirmative defense which the further investigation of this matter may prove applicable
herein.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

89.    Whatever injuries and/or damages sustained by the plaintiff at the time and place alleged in the complaint, were due to the acts of parties over whom the defendant was not obligated to exercise any control or supervision.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

90.    Each and every claim alleged herein is barred because there is not sufficient privity between the plaintiff and defendants.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

91.    The injuries sustained by plaintiff, if any, were not proximately caused by any act or omission of answering defendant.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

92.    The complaint must be dismissed, as answering defendant owed no duty to plaintiff.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

93.    Plaintiff's alleged loss and damage, if any, resulted wholly and solely from the fault, neglect and want of care of the plaintiff or persons or parties other than Defendants, for whose acts said Defendant is not liable or responsible and not as a result of any negligence.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

94.    The bond that is the subject of the within complaint was issued pursuant to an agency agreement between defendants and Hanover, not pursuant to the agency agreement between Plaintiff and Defendant as alleged in the complaint, and as such defendant owes no duty to plaintiff.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

95.     The bond that is the subject of the within complaint was issued pursuant to an agency agreement between defendants and Hanover, not pursuant to the agency agreement between plaintiff and defendant as alleged in the complaint, and as such defendant did not breach any contract with plaintiff.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

96.     The bond that is the subject of the within complaint was issued pursuant to an agency agreement between defendants and Hanover, not pursuant to the agency agreement between Plaintiff and Defendant as alleged in the complaint, and as such defendant owes no fiduciary duty to plaintiff.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

97.     The bond that is the subject of the within complaint was issued pursuant to an agency agreement between defendants and Hanover, not pursuant to the agency agreement between Plaintiff and Defendant as alleged in the complaint, and as such defendant owes no duty of good faith and fair dealing to plaintiff.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

98.     The Defendants were not a party to the Quota Share Reinsurance Treaty (Exhibit "C" to the complaint) between Plaintiff and Hanover and cannot be held bound by the terms and conditions of that agreement.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

99.     The Defendants were not a party to the Quota Share Reinsurance Treaty (Exhibit "C" to the complaint) between Plaintiff and Hanover and cannot be held bound by

the terms and conditions of that agreement, and as such defendant could not have breached the terms and conditions of the contract.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

100.   The Defendants were not a party to the Quota Share Reinsurance Treaty (Exhibit "C" to the complaint) between Plaintiff and Hanover and cannot be held bound by the terms and conditions of that agreement, and as such defendant owes no fiduciary duty to plaintiff pursuant to that agreement.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

101.   The Defendants were not a party to the Quota Share Reinsurance Treaty (Exhibit "C" to the complaint) between Plaintiff and Hanover and cannot be held bound by the terms and conditions of that agreement, and as such defendant owes no duty of good faith and fair dealing to plaintiff pursuant to that agreement.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

102.   The Defendants' knowledge of the Quota Share Reinsurance Treaty between Plaintiff and Hanover does not give rise to a cause of action.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

103.   Plaintiff has no standing to assert a breach of defendant's contract between Defendants and Hanover.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

104.   There is no basis alleged for any indemnification of plaintiff by defendants, and therefore the cause of action must fail.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

105.    Franey Muha Alliant Insurance Services was not in existence during the time period relevant to the allegations in the complaint, did not assume any liability for any of the other defendants, and therefore the complaint must be dismissed as to that defendant.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

106.    Franey, Parr, & Associates was not a party to the agreement with Kemper at the time of the events alleged in the complaint, and therefore the complaint must be dismissed as to that defendant.

**WHEREFORE**, defendants, FRANEY MUHA ALLIANT INSURANCE SERVICES f/k/a FRANEY, PARR & MUHA, INC., and FRANEY, PARR & ASSOCIATES, INC., demands judgment dismissing the complaint herein together with the cost and disbursements of this action.

Dated: New York, New York
        July 16, 2004

WADE CLARK MULCAHY

<u>**Michael A. Bono /s/**</u>
Michael A. Bono, Esq.
*Attorneys* for Defendants
111 Broadway, 9th Floor
New York, New York 10006
(212) 267-1900
Our File No.: 940.3668.1

TO:      (See Attached Affidavit)

STATE OF NEW YORK  )
COUNTY OF NEW YORK ) ss:

Shana Hughes  being duly sworn, deposes and says:

That I am not a party to the within action, am over 18 years of age and reside in New York, New York.

That on July 16, 2004, deponent served the within *Answer to Plaintiff's Complaint* upon the attorneys and parties listed below by United States prepaid mail:


TO:

Anthony J. Costantini, Esq.
*Duane Morris LLP*
*Attorneys* for Plaintiff:
380 Lexington Avenue
New York, New York 10168
(212) 692-1000 (T)
(212) 692-1020 (F)


                                                      **Shana Hughes /s/**
                                                         Shana Hughes


Sworn to before me this
16th day of July, 2004


**Michael A. Bono /s/**