UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
LUMBERMENS MUTUAL
CASUALTY COMPANY,                                                           CIVIL ACTION
                  Plaintiff,

                                                                04 CV 4376 (WCC)

    - against -

FRANEY MUHA ALLIANT                                                         **DEFENDANTS' RESPONSE**
INSURANCE SERVICES f/k/a                                                    **TO PLAINTIFF'S FIRST**
FRANEY, PARR & MUHA, INC.                                                   **SET OF**
                                                               **INTERROGATORIES**
FRANEY, PARR & MUHA, INC.,                                                  **ADDRESSED TO**
                                                               **DEFENDANTS**

    -and-

FRANEY, PARR & ASSOCIATES, INC.,

                  Defendants.
-----------------------------------------------------------------x

        Defendants, FRANEY MUHA ALLIANT INSURANCE SERVICES f/k/a FRANEY, PARR & MUHA, INC., FRANEY, PARR & MUHA, INC., and FRANEY, PARR & ASSOCIATES, INC., ("Franey") by their attorneys WADE CLARK MULCAHY, upon information and belief, hereby responds to plaintiff LUMBERMENS MUTUAL INSURANCE COMPANY'S ("Lumbermens") First Set of Interrogatories Addressed to Defendants.

## GENERAL OBJECTIONS

        1.      Franey objects to plaintiff's interrogatories as overly broad and unduly burdensome insofar as they purport to seek documents and information relating to matters other than those raised in the pleadings, on the grounds that they are overly broad and call for the disclosure of documents and information that are neither relevant to this action nor likely

to lead to the discovery of admissible evidence, nor do they seek information that is material and necessary to the prosecution or defense of this action.

2. Franey objects to plaintiff's interrogatories generally insofar as they purport to call for the disclosure of documents and information in the possession of, and more properly obtained from, other persons and/or non-parties, on the grounds that they are unreasonable, unduly burdensome, and beyond the scope of Franey's knowledge and information.

3. Franey objects to plaintiff's interrogatories generally insofar as they purport to call for the disclosure of information and/or the identification or production of documents that were prepared or acquired for, or in anticipation of, litigation, constitute attorney work product, disclose the mental impressions, conclusions, opinions or legal theories of Franey's attorneys, contain privileged attorney-client communications, or are otherwise protected from disclosure. Unless otherwise noted, Franey's responses do not include information that is subject to the attorney-client privilege or that constitutes attorney work product.

4. Franey objects to plaintiff's interrogatories generally insofar as they purport to call for the disclosure of documents and information without regard to a time frame, on the grounds that they are unreasonable, unduly burdensome, and call for the disclosure of information and the production of documents having no relevance to the contested issues in this mater. Unless otherwise specified in the particular response, Franey's responses are limited to the time period 2001 through the present.

5. Franey objects to plaintiff's interrogatories generally insofar as they purport to call for the disclosure of information and/or the identification or production of documents that contain confidential and propriety information and/or trade secrets.

6. Franey objects to plaintiff's interrogatories as vague and ambiguous.

7.      Franey objects to plaintiff's interrogatories as they seek to modify, expand, and amend the obligations of a party as set forth by the restrictions contained in Local Civil Rule 33.3 of the United States District Court for the Southern District of New York.

## TERMS AND CONDITIONS

Franey agrees to produce documents and provide responses to plaintiff's interrogatories subject to the foregoing General Objections, the specific objections stated below, and on the following terms and conditions:

1.      Inadvertent production of any document or interrogatory response containing information that is confidential, privileged, was prepared in anticipation of litigation or for trial, or is otherwise protected from discovery, shall not constitute a waiver of any privilege or of any ground for objection to discovery with respect to such information, document or any other document, or the subject matter thereof or the information container therein, or of the right of Franey to object to the use of any such document or information.

2.      That Franey has responded or objected to plaintiff's interrogatories or to any part thereof is not intended to be, nor should it be deemed, an admission that it accepts or admits the existence of any information or documents described or assumed or any allegations or statements set forth, assumed or implied by such discovery requests or that such response or objection constitutes admissible evidence.  In responding to plaintiff's interrogatories, Franey neither waives nor intends to waive, but expressly reserves, every part of every objection to the plaintiff's interrogatories and reserves any and all objections as to authenticity, relevance competency, materiality or admissibility at trial of any information or documents produced, set forth, identified or referred to herein.

3. The following responses are made solely for the purpose of this action. Each response is subject to all objections as to competence, relevance, privilege, materiality, admissibility, and any and all other objections as to competence, relevance, privilege, materiality, any statement or document made available herewith as if any request were asked of, or if any statements contained herein were made by, or if any documents made available herewith were offered by, a witness present and testifying in court, all of which objections are reserved and may be interposed at the time of any hearing in this action.

4. The following responses and the documents made available pursuant thereto are based on facts known to Franey at the time of responding to plaintiff's discovery requests and a review of files reasonably expected to contain responsive documents. Franey reserves the right to amend and/or supplement these responses and the documents made available herewith in the event new or different information or documents are discovered.

**ANSWERS AND OBJECTIONS TO PLAINTIFF'S INTERROGATORIES**

Each of Franey's General Objections and the Terms and Conditions is hereby incorporated by reference into Franey's specific responses to each specific interrogatory set forth below. In response to certain interrogatories, Franey may restate for clarity or emphasis certain of Franey's General Objections. However, the lack of such specific references and/or the provision of the specific responses and objections stated below are not intended as, and shall not be deemed, either in whole or in part, a waiver of any of Franey's General Objections or the Terms and Conditions.

Subject to, limited by, and without waiving Franey's General Objections, any additional specific objections, and the Terms and Conditions, Franey responds to each interrogatory as follows:

    1.    Identify every owner, principal, officer and director of the following:

    (a)    Franey Muha Alliant Insurance Services f/k/a Franey, Parr & Muha, Inc.;

    (b)    Franey, Parr & Muha, Inc.;

    (c)    Franey, Parr & Associates, Inc.; and

    (d)    Franey & Parr Insurance Agency, Inc.

**Response to 1 (a) – (d)**

**See General Objections Nos. 1, 4 and 5.**

    2.    Identify each person who has had any discussion or communication with Hanover, or anyone acting on Hanover's behalf, concerning the Treaty and further,

    (a)    Describe the dates on which each such discussion or communication occurred;

    (b)    Describe the substance of each such discussion or communication;

    (c)    Identify the name of all persons who were present on each such occasion; and

    (d)    Identify the location at which each such discussion or communication was held.

**Response to 2 (a)-(d)**

**See General Objections Nos. 1, 2, 3, 4, 5, 6 and 7.  Subject to, limited by and without waiving these and its General Objections, Terms and Conditions, William Franey of Franey had discussions / communications with Richard Van Steenburgh of Hanover concerning the Treaty, during the approximate period of February, 2001.**

       3.     Identify each person who has had any discussion or communication with Lumbermens, or anyone acting on Lumbermens' behalf, concerning the Treaty and, further,

          (a)    Describe the dates on which each such discussion or communication occurred;

          (b)    Describe the substance of each such discussion or communication;

          (c)    Identify the name of all persons who were present on each such occasion; and

          (d)    Identify the location at which each such discussion or communication was held.

**Response to 3 (a) – (d)**

**See General Objections Nos. 1, 2, 3, 4, 5, 6 and 7. Subject to, limited by and without waiving these and its General Objections, Terms and Conditions, William Franey of Franey had discussions / communications with Brian Schmalz of Lumbermens concerning the Treaty, during the approximate period of February, 2001.**

       4.     Identify each person who has had any discussion or communication with Kemper, or anyone acting on Kemper's behalf, concerning the Treaty and, further,

          (a)    Describe the dates on which each such discussion or ` communication occurred;

          (b)    Describe the substance of each such discussion or communication;

          (c)    Identify the name of all persons who were present on each such occasion; and

          (d)    Identify the location at which each such discussion or communication was held.

**Response to 4 (a) – (d)**

**See General Objections Nos. 1, 2, 3, 4, 5, 6 and 7. Subject to, limited by and without waiving these and its General Objections, Terms and Conditions,**

**William Franey of Franey had discussions / communications with Brian Schmalz of Kemper concerning the Treaty, during the approximate period of February, 2001.**

5.   Identify each person who has had any discussion or communication with Adelphia Communications Corporation, or anyone acting on Adelphia Communication Corporation's behalf, concerning the Allegheny Bond and, further,

    (a)   Describe the dates on which each such discussion or communication occurred;

    (b)   Describe the substance of each such discussion or communication;

    (c)   Identify the name of all persons who were present on each such occasion; and

    (d)   Identify the location at which each such discussion or communication was held.

**Response to 5 (a) – (d)**

**See General Objections Nos. 1, 2, 3, 4, 5, 6 and 7. Subject to, limited by and without waiving these and its General Objections, Terms and Conditions, Eamonn Long of Franey had discussions / communications with Ed Babcock, Tim Rigas, Jennifer Anderson and Earle Hayes of Adelphia concerning the Allegheny Bond, during the approximate periods of a) July, 2001; and b) January, 2002, through February, 2002. Any documents related to this response were previously provided to plaintiff under separate cover.**

6.   Identify each person who has had any discussion or communication with Hanover, or anyone acting on Hanover's behalf, concerning the Allegheny Bond and, further,

    (a)   Describe the dates on which each such discussion or communication occurred;

    (b)   Describe the substance of each such discussion or communication;

    (c)   Identify the name of all persons who were present on each such occasion; and

      (d)    Identify the location at which each such discussion or communication was held.

**Response to 6 (a) – (d)**
**See General Objections Nos. 1, 2, 3, 4, 5, 6 and 7.  Subject to, limited by and without waiving these and its General Objections, Terms and Conditions, Eamonn Long and David Summerall of Franey had discussions / communications with Dean Pollack and/or Richard Van Steenburgh of Hanover regarding the Allegheny Bond, during the approximate periods of a) July, 2001; and b) January, 2002, through February, 2002.  Any documents related to this response were previously provided to plaintiff under separate cover.**

7.    Identify each person who has had any discussion or communication with Kemper, or anyone acting on Kemper's behalf, concerning the Allegheny Bond and, further,

      (a)    Describe the dates on which each such discussion or communication occurred;

      (b)    Describe the substance of each such discussion or communication;

      (c)    Identify the name of all persons who were present on each such occasion; and

      (d)    Identify the location at which each such discussion or communication was held.

**Response to 7 (a) –(d)**

**See General Objections Nos. 1, 2, 3, 4, 5, 6 and 7.  Subject to, limited by and without waiving these and its General Objections, Terms and Conditions, Eamonn Long and William Franey of Franey had discussions / communications with Brian Schmaltz of Kemper regarding the Allegheny Bond, during the approximate period of July, 2001.  Any documents related to this response were previously provided to plaintiff under separate cover.**

8. Identify each person who may be used at trial by you as an expert witness to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

**Response to 8**

**See General Objections Nos. 3,5, and 7. Subject to, limited by and without waiving these and its General Objections, Terms and Conditions, to date, Franey has not selected a witness for trial to present evidence under the Rules specified above. Franey reserves the right to supplement this response, in accordance with the Rules of the Court.**

9. Identify all persons who have provided answers and/or information to answer any of the within Interrogatories and the specific Interrogatory(ies) number(s) to which each such person so identified provided such information.

**Response to 9**

**See General Objections Nos. 3 and 7. Subject to, limited by and without waiving these and its General Objections, Terms and Conditions, William Franey and Eamonn Long provided information with respect to the responses to Interrogatory Nos. 2 through 7.**

10. Describe with particularity all facts on which you base Defendants' Second Affirmative Defense.

**Response to 10.**

**See General Objections Nos. 3,5,6, and 7.**

Dated: New York, New York
December 22, 2004

                            WADE CLARK MULCAHY

                            **/s/ Michael A. Bono**
By:   Michael A. Bono, Esq. (MB-4776)
       111 Broadway, 9th Floor
       New York, New York 10006
       (212) 267-1900 (T)
       (212) 267-9470 (F)
       *Attorneys for Defendants*

## Certification

I hereby certify that the foregoing responses to interrogatories are true, as to the information provided by me. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: December 22, 2004

                                                           **/s/ William Franey**
                                                           William Franey

## Certification

I hereby certify that the foregoing responses to interrogatories are true, as to the information provided by me. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


Dated: December 22, 2004

/s/ **Eamonn Long**
Eamonn Long

STATE OF NEW YORK  )
COUNTY OF NEW YORK ) ss:

Sharema S. Stone being duly sworn, deposes and says:

That I am not a party to the within action, am over 18 years of age and reside in Brooklyn, New York.

That on December 22, 2004, deponent served the within ***Defendants' Response to Plaintiff's First Set of Interrogatories Addressed to Defendants*** upon the attorneys and parties listed below by United States prepaid mail:

TO:

Anthony Gallia, Esq.
*Duane Morris LLP*
One Liberty Place
Philadelphia, PA 19103

                                                    **/s/ Sharema S. Stone**
                                                     Sharema S. Stone

Sworn to before me this
22nd day of December, 2004

**/s/ Michael A. Bono**
K:\3668\legal\Resp to Rogs.doc